IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH GARWOOD,

    Plaintiff,

vs.                                    Case No. 4:08cv232-RH/WCS

THE HONORABLE KATHLEEN DEKKER,
ASSISTANT STATE ATTORNEY LORENA
VOLLRATH BUENO,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted a civil rights complaint on May 19, 2008. Doc. 1. Plaintiff's motion requesting the appointment of counsel, doc. 3, and *in forma pauperis* motion, doc. 2, have been ruled upon in a separate order entered this day.

Plaintiff has recently initiated four separate lawsuits in this court. This case, along with cases 4:08cv235, 4:08cv231, and 4:08cv234. Although these cases are related, and it has been suggested to Plaintiff in other cases that he may wish to consolidate them together, the claims of this case cannot proceed.

Plaintiff's complaint is against the Assistant State Attorney Lorena Bueno and Florida Circuit Court Judge Kathleen Dekker. Doc. 1. Plaintiff contends that Defendant Bueno violated his due process rights by coaching witnesses, threatening to file witness

tampering charges against Plaintiff, and for seeking a state court order that prohibited Plaintiff from filing a civil lawsuit in state court unless it was signed by another attorney. *Id.* Plaintiff brings a second claim against Defendant Judge Dekker for signing the order which limited Plaintiff's ability to file a civil lawsuit "unless signed by another attorney." *Id.* As relief, Plaintiff seeks an order requiring the Assistant State Attorney to "withdraw" her motion for the restraining order which, Plaintiff claims, would allow him to file a civil suit for slander against a witness in his criminal trial.[1]  Plaintiff also wants this court to order Judge Dekker to overturn her order, and to compensate Plaintiff for having to bring this case to defend his constitutional rights. *Id.*

Plaintiff cannot bring a claim against Defendant Bueno in which he challenges actions made as a prosecutor in bringing proceedings against Plaintiff.  *See* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003).  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993), *relied on in* Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002).  Because Defendant Bueno is protected by absolute immunity, Plaintiff may not bring this case against the Defendant to challenge the Defendant's actions in state court.

Nor can Plaintiff bring a claim against a state judge for rulings made in the Defendant's capacity as the judge.  If a judge is acting in her judicial capacity, she is entitled to absolute immunity from liability for damages under Section 1983 unless she

---

[1]  Judicial notice is taken of the allegations raised by Plaintiff in his other pending case in this court, 4:08cv231.  Paul Mekeel was a witness in the criminal proceedings brought against Plaintiff.

acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085, *quoting* Stump, 435 U.S. at 362, 98 S. Ct. at 1107.  In this case, it is clear that Defendant Dekker acted in her judicial capacity.  If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.' " 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105, *quoting* Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872).   This second part of the test is also satisfied as Plaintiff alleges a court order was entered in state court which prohibits Plaintiff from litigating his own case unless another attorney signs his pleadings.  Judicial immunity is a basis for dismissal of this action against Judge Dekker.

To seek reversal of a state court order, Plaintiff should have filed an appeal of that order.  This court, however, is not an appellate court.  Plaintiff may not seek an order in this court requiring a state court judge to vacate an order entered in a state case.  This court lacks jurisdiction to do so.

Furthermore, it is not a violation of a litigant's rights to require the litigant to have another attorney sign that the proceeding is not brought in bad faith, that it has merit, or that it is not frivolous.  Courts have authority to protect the integrity and efficiency of the judicial process by fashioning orders that protect a right to access the courts with the

need to control vexatious litigants. For example, the Eleventh Circuit Court of Appeal has upheld a sanction imposed which required a litigant to obtain leave of court prior to filing any new action. See Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294-98 (11th Cir. 2002). The court concluded that "[a] vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." Riccard, 307 F.3d at 1298, *citing* Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). The rights provided by the First Amendment are not absolute. Because Plaintiff's right to access the courts is not precluded, but merely restricted, his claims must fail as a matter of law even *if* the Defendants were not protected by immunity. Moreover, Plaintiff has not provided any facts to show how he was treated differently than other litigants (the equal protection claim) or how he did not receive due process of law. Plaintiff's bare and conclusory allegations are insufficient to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** because the Defendants are protected by absolute immunity and because the complaint fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**